IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CHAD HOKE,                              )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )     Case No. 13-3456-CV-S-ODS
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of Social Security, )
                                        )
                    Defendant.          )

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

## I. INTRODUCTION

Plaintiff was born in May 1974, completed some high school, and has prior work experience as a communications installer, general laborer, lawn care worker, painter, server and bartender. He alleges he became disabled on March 27, 2011, due to residual effects of bacterial meningitis with infection, residual effects of stroke, degenerative disease of the right knee, congenital thoracic scoliosis, the residual effects of methamphetamine, marijuana and alcohol abuse, depression and anxiety. The ALJ found Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work…except he is able to lift and carry ten pounds frequently and twenty pounds occasionally; he is able to sit for about six hours of an eight hour workday; he is able to stand and/or walk for about six hours of an eight hour workday; he is precluded from climbing ladders, ropes, and scaffolds; he must take seizure precautions(he should not work at heights, operate heavy machinery, or be employed in any capacity in which a brief lapse of consciousness could cause harm to himself or to others); and, he is limited to simple, repetitive tasks. R. at 18.

1

Based on the testimony of a vocational expert, the ALJ determined Plaintiff could not perform his past relevant work but could work as a pattern marker, core extruder and assembler. R. at 23.

## II. DISCUSSION

In this proceeding, Plaintiff contends the ALJ committed two errors. First, he alleges the ALJ failed to accord proper weight to the opinion offered by Dr. Michael Whetstone, Mr. Hoke's psychologist. Second, he contends the RFC is not supported by substantial evidence in the Record as a whole because the ALJ did not base the RFC on any medical evidence and failed to explain what evidence supported the RFC.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence when reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010). Even if the Court would have concluded differently had it independently evaluated the evidence (which may or may not be true in this case), the Court cannot reverse on this basis. *E.g., Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir 2011).

### A.

Plaintiff argues that the ALJ failed to accord sufficient weight to Dr. Whetstone's opinion. Generally speaking, a treating source's opinion is entitled to deference. This general rule is not ironclad; a treating source's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining

2

evidence in the record. *E.g.*, *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

Substantial evidence exists that Whetstone's treatment notes are inconsistent with his Medical Source Statement – Mental ("MSSM"). The treatment notes appear to focus primarily on matters such as parenting issues, relationship issues, and Plaintiff's completion of his GED. R. at 539, 540, 542. The treatment notes do not appear to focus on matters in the MSSM such as Plaintiff's understanding, memory or concentration.

Plaintiff contends Whetstone's July 2011 neuropsychological testing supports his MSSM. Plaintiff notes the ALJ did not address Whetstone's neuropsychological evaluation. However, the fact remains that substantial evidence exists that Whetstone's treatment notes do not support the MSSM. Even if Whetstone's neuropsychological testing supports his MSSM, Whetstone's treatment notes provide substantial evidence to the contrary. Resolving this conflict in the evidence is a task left to the ALJ, not the District Court.

Because Whetstone's opinion is inconsistent with his own treatment notes, the ALJ properly discredited the opinion.

B.

Plaintiff argues the ALJ's RFC determination is improper because the ALJ did not rely on any medical evidence and failed to explain what evidence supported the RFC. However, Plaintiff misapprehends the law. There is no requirement that medical evidence precisely support each component of the RFC. While "a claimant's RFC is a medical question . . . in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). It is simply not true that the RFC can be proved *only* with medical evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam). Further, as Plaintiff notes, the ALJ must base the RFC on "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*,

3

228 F.3d 860, 863 (8th Cir. 2000). See also *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

Here, the ALJ relied on medical evidence in determining Plaintiff's RFC. For example, the ALJ cited treatment notes from several doctors, including Dr. Roger Oghlakian's, Dr. Gregory Daus, Dr. Manchanda Shaveta, and Dr. William Sistrunk. R. at 19, 20, 22.

Additionally, evidence in the Record demonstrates improvement in Plaintiff's health. For example, in October 2011, Plaintiff performed well in an Occupational Therapy Driver Evaluation. Among other positive things, the evaluation demonstrated that he "maintained good attention and concentration" and that no deficits from a cognitive standpoint were noted. R. at 470, 472. Also, in May 2012, Dr. Roger Oghalakian, one of Plaintiff's treating physicians, noted Plaintiff had "no language or speech problems" and Plaintiff had "done very well since" his March 2011 illness. R. at 552.

The ALJ also relied on Plaintiff's daily activities in formulating the RFC. For example, Plaintiff cares for his two young children during the day, drives almost every day, vacuums daily, performs yard work, takes the children to the library approximately once a week, and attends church on Sundays. R. at 20-21.

Evidence of Plaintiff's daily activities and the medical evidence that existed were sufficient to support the ALJ's determination regarding Plaintiff's abilities.

### III. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.


IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 27, 2014    UNITED STATES DISTRICT COURT

4